IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **11-cv-2907-AP**

**DONA KELLER,**

    Plaintiff,

v.

**MICHAEL J. ASTRUE**, Commissioner of Social Security,

    Defendant.

## ORDER

Kane, J.

This matter is currently before me on Defendant's Motion to Dismiss (doc. 21) and Plaintiff's Request for Emergency Injunctive Relief (doc. 11). Because Plaintiff fails to state a claim upon which relief can be granted, Defendant's Motion to Dismiss is GRANTED and Plaintiff's Request for Emergency Injunctive Relief is DENIED AS MOOT.

### Background[1]

On August 12, 2008, Plaintiff Dona Keller filed applications for supplemental security income and for Medicare coverage based on her government employment. Ms. Keller alleged disability beginning on May 29, 2002, but she was only eligible for benefits from January 4, 2005 onward because she had not successfully appealed a January 4, 2005 decision denying an earlier application for disability insurance benefits. After her 2008 applications were denied, she successfully appealed those denials to an ALJ who found that she was disabled within the

---

[1] These facts are taken from the August 19, 2010 decision of the Office of Disability Adjudication and Review (doc. 22-2), at 12-17.

meaning of § 1614(a)(3)(A) of the Social Security Act effective December 6, 2005. He denied benefits for the period from January 4, 2005 to December 6, 2005, finding Ms. Keller had failed to provide any medical evidence of a disability during that period.

On October 10, 2010, Ms. Keller requested a review of the ALJ's decision. Specifically, she contested the ALJ's finding that she was ineligible for benefits for the period pre-dating December 6, 2005. After the Social Security Appeals Council denied her request for review, Ms. Keller filed the instant action. Ms. Keller renews her challenge to the ALJ's decision denying her disability coverage for the period pre-dating December 6, 2005.[2] She also seeks an order directing Defendant to provide her with an orthopedic examination of her knees, left hip, and left ankle. I address each of these issues in turn.

## Discussion

*Denial of Benefits for Period Pre-Dating December 6, 2005*

Ms. Keller argues that the ALJ erred in denying her benefits for the period pre-dating December 6, 2005. She alleges that, contrary to the ALJ's finding, she appealed the 2005 decision denying her social security benefits. Although incorrect, the import of face correct, the import of the ALJ's finding is accurate.

Ms. Keller's appeal of the 2005 decision was dismissed without prejudice for failure to comply with the pleading requirements of Fed. R. Civ. P. 8(a). *See* Order and Judgment of Dismissal (doc. 30), *Keller v. Commissioner of Social Security*, No. 05-cv-00809 (D. Colo. July 29, 2005). Ms. Keller failed to re-file her appeal, and she is barred from appealing the earlier denial of benefits. Accordingly, the ALJ properly concluded that she was ineligible for

---

[2] Ms. Keller's complaint is not a model of clarity. Because she appears *pro se* in this matter, however, I liberally construe her pleadings.

benefits for the period pre-dating January 4, 2005.

Furthermore, Ms. Keller is ineligible to receive any benefits under either Social Security or Medicare for the period from January 4, 2005 through December 5, 2005. Ms. Keller filed her application for benefits on August 12, 2008. Thus, she became eligible for Social Security benefits on September 12, 2008 and Medicare benefits on August 21, 2007. *See* 20 C.F.R. §416.335 (social security benefits are only available to claimants starting one month after the date the application for benefits was filed); 42 C.F.R. § 406.15(e) ("not more than 12 months before the month of the application may be counted towards the 25-month qualifying period" for medicare benefits). Even if she were to succeed on her appeal, she could not receive any meaningful relief. Accordingly, her argument is properly dismissed for failure to state a claim upon which relief can be granted.

*Request for a New Medical Exam*

Ms. Keller also claims that her injuries are more serious than previously determined. She requests an order directing Defendant to provide an orthopedic doctor to evaluate her knees, left hip, and left ankle. Although Ms. Keller seeks an injunction ordering orthopedic exams, I am unable to grant such relief because it is beyond my jurisdiction.

Pursuant to section 42 U.S.C. 405(g), "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, . . . may obtain a review of such decision by a civil action" in federal district court. Although the Social Security Act does not define "final decision," at a minimum a party must request review from the Social Security Appeals Council.

Ms. Keller has failed to exhaust her remedies with respect to her request for a consultative orthopedic evaluation. The only decision at issue in this case, the ALJ's decision

finding her disabled as of December 6, 2005, addressed only her disability claims.  Thus, I lack subject matter jurisdiction over this claim and it must be dismissed.

Furthermore, even if Ms. Keller had exhausted all administrative remedies, I am without power to grant the relief she seeks.  Although I am empowered to review final decisions of the Commissioner, my review is limited to the record before the Commissioner at the time of his decision.  I am not empowered to order the creation of evidence.

## Conclusion

Based on the foregoing discussion, Defendant's Motion to Dismiss is GRANTED and Plaintiff's Request for Emergency Injunctive Relief is DENIED AS MOOT.

Dated: March 23, 2012                     BY THE COURT:

**/s/ John L. Kane**
Senior U.S. District Judge